IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CAROL BOULE,                                          CV 07-577-MA

              Plaintiff,                       OPINION AND ORDER

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

      **MERILL SCHNEIDER**
      PO Box 16310
      Portland, Oregon  97292-0310
      (503) 255-9092

              Attorney for Plaintiff

      **KARIN J. IMMERGUT**
      United States Attorney
      **BRITANNIA I. HOBBS**
      Assistant United States Attorney
      1000 S.W. Third Avenue, Suite 600
      Portland, OR  97204-2902
      (503) 727-1053

      **LEISA A. WOLF**
      Special Assistant United States Attorney
      Social Security Administration
      701 5th Avenue, Suite 2900 M/S 901
      Seattle, WA  98104-7075
      (206) 615-3621

              Attorneys for Defendant

**MARSH, Judge:**

      The matter before the Court is named plaintiff, Carol

Boule's, Social Security Complaint, seeking judicial review of a

1- OPINION AND ORDER

final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act.  42 U.S.C. §§ 405(g) and 1383(c)(3).  For the reasons that follow, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## BACKGROUND

Boule applied for disability on January 15, 2004, alleging she became disabled beginning February 28, 2003 due to depression, poor reading comprehension and memory difficulties, asthma and arthritis.  At the time she allegedly became disabled Boule was 40 years old.  She has a high school education, which involved special education classes in reading, and past work in childcare.  Boule was laid off of the last job she held before filing for DIB, because the childcare center she worked for closed.

Boule's application was denied initially and upon reconsideration.  A hearing was held at her request before an Administrative Law Judge (ALJ), at which Boule was represented by an attorney.  On July 28, 2006 the ALJ found Boule not disabled. This became the Commissioner's final decision when the Appeals Council declined Boule's request for review.  *See* 20 C.F.R. § 422.210.

On appeal to this Court, Boule alleges the ALJ erred by: (1) improperly evaluating the effect her obesity has on her ability

to work; (2) denying her request for a consultative medical examination; (3) improperly assessing her residual functional capacity; (4) rejecting Boule's credibility; (5) improperly rejecting the lay witness testimony of her husband, and the third party report of her mother; and, (6) improperly rejecting the opinion of treating psychologist Thomas Smurthwaite, Ph.D.

The Commissioner avers that the ALJ's findings were supported by substantial evidence and legally sufficient reasoning, and therefore he requests that I affirm the decision.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla

3- OPINION AND ORDER

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## **ALJ'S FINDINGS**

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found that Boule had not engaged in substantial gainful activity since her alleged onset of disability. *See* 20 C.F.R. § 404.1520(b).

At step two the ALJ found that Boule met the definition, under the regulations, of a "severe" impairment, because the

4- OPINION AND ORDER

combination of the following medically determinable impairments had more than a minimal affect on Boule's ability to perform basic work activities: mild to moderate degenerative disc disease, obesity, asthma, and a mild adjustment disorder. *See* 20 C.F.R. §§ 404.1504, 404.1520(c).

At step three the ALJ found that Boule's impairments did not, singularly or in combination, meet or equal the requirements of any listed impairment, codified at 20 C.F.R. Part 404, Subpart P, Appendix 1, considered so severe as to automatically constitute a disability. *See* 20 C.F.R. § 404.1520(a)(4)(iii).

The ALJ determined that Boule had the residual functional capacity (RFC) to perform a modified range of light work. The modifications included lifting no more than 10 pounds frequently, 20 pounds occasionally; standing and/or walking for no more than 15 minutes at a time for a total of two hours in an eight-hour workday; sitting for 30 minutes at a time; only occasional climbing, balancing, stooping, kneeling, crouching and crawling; no exposure to concentrated dust, fumes, odors or gases; and only simple, repetitive, routine work. *See* 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found Boule was no longer able to perform her past relevant work. *See* 20 C.F.R. § 405.1520(a)(4)(iv).

At step five the ALJ found that, based on vocational expert testimony, Boule retained the residual functional capacity to perform work existing in significant numbers in the national economy, such as order clerk, nut sorter, and small products assembler. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g). Accordingly, the ALJ found that Boule was not disabled.

## DISCUSSION

Boule alleges that the ALJ committed multiple reversible errors in his July 28, 2006 decision. I concur with Boule that the ALJ committed clear errors that render legally insufficient several of the findings upon which he based his decision that Boule is not disabled.

First, the ALJ failed to evaluate the treatment records of psychologist Thomas J. Smurthwaite, Ph.D., who diagnosed Boule with post-traumatic stress disorder (PTSD) in June 2004, and continued to treat her for this disorder during the period under review. Instead, the ALJ deferred to the opinion of examining psychologist Duane D. Kolilis, who performed a psychodiagnostic evaluation of Boule in April 2004, and diagnosed Boule with adjustment disorder with depressed mood. Although Dr. Kolilis' opinion provided a basis upon which to afford Dr. Smurthwaite less credit than an uncontested treating physician's opinion would be entitled to, the ALJ erred in failing to even discuss,

6- OPINION AND ORDER

much less provide legally sufficient reasons for rejecting, the
probative evidence of this treating psychologist's diagnosis and
treatment records. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.
1987)(ALJ must give specific and legitimate reasons based on
substantial evidence to reject the opinion of a treating
physician that conflicts with another physician's opinion).

Second, the ALJ's failure to discuss Dr. Smurthwaite's
records undermined his assessment of the medical records,
generally, and rendered incomplete his step two finding that did
not include PTSD as one of Boule's "severe" impairments. *See* 20
C.F.R. §§ 404.1504, 404.1520(c). Citing the notes of nurse
practitioner Barbara Brown, the ALJ stated that he found "no
objective evidence" that Boule had PTSD. This finding is
directly contradicted by the record, which shows that Dr.
Smurthwaite diagnosed and treated Boule for PTSD during the
period under review. Although a mere diagnosis does not render
an impairment "severe" within the meaning of the Social Security
laws (*Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995)), the
ALJ must assess whether each of a claimant's medically
determinable impairments has more than a minimal impact on her
ability to perform basic work activities in order to make this
determination. Therefore I find the ALJ's step two finding that

7- OPINION AND ORDER

omits PTSD from the list of Boule's "severe" impairments is not
based on substantial evidence.

    Third, the ALJ's assessment of Boule's credibility is flawed
because he rejected her subjective reports principally because he
found them to be inconsistent with the objective medical evidence
in the record.  This finding is partly substantiated by the lack
of medical evidence of Boule's alleged arthritis, however insofar
as it is based on the ALJ's finding that the record did not
contain objective evidence of her PTSD, this reason is less than
clear and convincing.  *See Smolen v. Chater*, 80 F.3d 1273, 1284
(9th Cir. 1996).  The other reason the ALJ cited for finding
Boule incredible was that "the totality of the records [reveal]
that the claimant's biggest problem is her obesity for which
[sic] she does nothing about."  The ALJ could fairly discredit
Boule's credibility on the basis that she failed to follow
prescriptions of exercise and physical therapy following her
workers' compensation-related injury (*Rollins v. Massanari*, 261
F.3d 853, 856-57 (9th Cir. 2001)), but the reason for Boule's
physical condition is a separate issue from the effect her poor
condition has on her work-related functional ability.  This leads
to the fourth flaw in the ALJ's opinion.

    Fourth, although the ALJ clearly identified Boule's obesity
as her "biggest problem," he did not assess the effect of Boule's

obesity on her ability to work.  Instead, the ALJ shamed her for
gaining weight since applying for disability, and for adopting a
lifestyle not supported by any "medical reason" that "allows her
to engage in almost no activities" aside from watching
television, playing on the computer and taking naps.  Since there
is ample evidence in the record that Boule is "morbidly obese,"
and since the ALJ concluded that Boule's obesity caused many of
her alleged impairments, he should have evaluated whether her
obesity, "alone or in combination with another medically
determinable physical or mental impairment . . . significantly
limits [her] physical or mental ability to do basic work
activities."  Social Security Regulation (SSR) 02-1p; *see also*
*Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003)(ALJ erred
in failing to consider effect of obesity where it was clear from
observing claimant that her weight impaired her).  Thus, the
ALJ's failure to properly consider the impact of Boule's obesity
on her other impairments was clearly erroneous.

Fifth, even if the ALJ properly considered the effect of
Boule's obesity and still found she did not meet or equal a
listed impairment at step three of the sequential evaluation,
still, I do not find substantial evidence to support the ALJ's
assessment of Boule's residual functional capacity (RFC).  Mental
issues aside, it may be that Boule's 4 foot 10 inch, 340 pound

9- OPINION AND ORDER

frame is, indeed, capable of performing a modified range of light work, as determined by the ALJ.  However, the record is inadequate for me to affirm the ALJ's finding.  The ALJ rejected Boule's counsel's July 2005 request to order a physical consultative examination, notwithstanding that the most recent evaluation of Boule's work-related physical functioning was in June 2003 when she had a workers' compensation evaluation for a back injury.  That evaluation did not assess the full range of Boule's physical functional capacity, nor is there any such assessment in the record.  As the ALJ noted, Boule's nurse practitioner, Barbara Brown, "was unable to offer an assessment on the claimant's functional abilities."  Thus, the basis upon which the ALJ decided, for instance, that Boule was capable of occasionally (meaning one-third of the workday) climbing, balancing, stooping, kneeling, crouching and crawling, is unclear.

For the foregoing reasons I remand this case for full consultations by qualified medical processionals of Boule's mental and physical functional capacities, followed by a reassessment of the medical evidence and Boule's residual functional capacity.

10- OPINION AND ORDER

**<u>CONCLUSION</u>**

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 21_ day of February, 2008.


<u>/s/  Malcolm F. Marsh</u>
Malcolm F. Marsh
United States District Judge

11- OPINION AND ORDER